HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LISA MICHELS, | CASE NO. 12-CV-5609-RBL |
| Plaintiff, | ORDER |
| v. | [Dkt. #9] |
| GEICO INSURANCE AGENCY, INC., a foreign corporation, | |
| Defendant. | |

THIS MATTER is before the Court on Plaintiff Lisa Michels's Motion for Remand [Dkt. #9]. Defendant Geico removed the case to federal court based on diversity jurisdiction, and now Michels seeks remand. The parties disagree over whether the required amount in controversy has been met. For the reasons stated below, Michels's Motion for Remand [Dkt. #9] is denied.

## I. BACKGROUND

Michels was seriously injured in an automobile accident. She settled her claim against the other driver's insurance company for the policy limit, $25,000, without filing suit. Michels then sought the policy limit, also $25,000, from her insurance company, Defendant Geico. The parties went to arbitration, and the arbitrator awarded Michels $72,067. Geico sent a check to

Michels for $25,000 and requested that she sign a "Satisfaction of Arbitration Award," which limited her judgment damages to the policy limit.

Michels brought an action in state court requesting $72,067 in damages, treble damages, punitive damages, attorney's fees, and "other unspecified damages." Michels also sought an injunction preventing Geico from operating in the insurance business in Washington.

Geico removed the case to this Court, claiming that the amount in controversy was met on the face of the complaint:

> Plaintiff is seeking $72,067 in actual damages, treble damages, punitive damages, attorney fees and other unspecified damages. Plaintiff's damages allegations alone show that more than $75,000 is at controversy in this case. However, Plaintiff is also seeking an injunction preventing Defendant from further operating in the insurance business in the State of Washington. The value of Defendant's future business operations in Washington will certainly exceed $75,000 by a wide margin. Thus, well over $75,00 is in controversy.

(Dkt. #1 at 3.) (internal citations omitted). Michels makes three arguments for remand: (1) the required amount in controversy is not met (2) Geico failed to comply with CR 101, which required Geico to set forth reasons that caused it to have a good faith belief that the required amount in controversy was met, and (3) Geico failed to attach and file the Return of Service to the Notice of Removal. Geico argues that the required amount in controversy is clear on the face of the complaint and that procedural defects do not deprive the court of jurisdiction.

## II.   DISCUSSION

Defendants may remove any action filed in state court over which federal district courts have original jurisdiction. 28 U.S.C. § 1441(a). "[A]s federal courts, we are courts of limited jurisdiction and we will strictly construe our jurisdiction." *Lowdermilk v. United States Bank National Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). To support removal based on diversity jurisdiction, a defendant bears the burden of demonstrating two points: (1) that the amount in

controversy exceeds $75,000; and (2) that complete diversity exists between the parties. 28 U.S.C. § 1332(a); *Cohn v. Petsmart*, 281 F.3d 837, 839–40 (9th Cir. 2002) (noting that defendant must prove amount in controversy by a preponderance of the evidence). A court analyzes the basis for diversity jurisdiction "on the basis of the pleadings filed at the time of removal without reference to subsequent amendments." *Sparta Surgical Corp. v. Nat'l Ass'n of Securities Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998) (citing *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488 (10th Cir. 1991)). In this case, the parties do not dispute that there is complete diversity.

The party asserting federal jurisdiction has the burden of proof on a motion to remand to state court. The removal statute is strictly construed against removal jurisdiction. The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper. *Conrad Associates v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196 (N.D. Cal. 1998). It is obligated to do so by a preponderance of the evidence. *Id.* at 1199; *see also Gaus v. Miles*, 980 F.2d 564, 567 (9th Cir. 1992). Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Id.* at 566.

**A. Amount in Controversy**

Michels argues that Geico has failed to show that the amount in controversy exceeds $75,000 because she only seeks $72,067 and other damages to be proven at trial. Geico makes two arguments to establish that the amount in controversy exceeds $75,000: (1) the $72,067 in actual damages, other unspecified damages, treble damages, punitive damages, and reasonable attorney's fees would exceed the $2,993 necessary to reach the $75,000 threshold; and (2) Michel seeks injunctive relief that greatly exceeds $75,000.

Geico first argues that it is facially evident from the complaint that the total amount of damages Michels seeks will exceed $75,000. Despite the fact that the complaint only alleges

$72,067 in actual damages, the complaint also requests other unspecified damages, treble damages, punitive damages, and reasonable attorney's fees. The Ninth Circuit has held that, where an underlying statute authorizes an award of attorney's fees, the fees may be included in the amount in controversy. *Lowdermilk*, 479 F.3d at 1000. In this case, the Washington Insurance Fair Conduct Act[1] and the Washington Consumer Protection Act[2] both allow the attorney's fees and treble damages that Michels seeks. Michels requested only $2,993 less than the $75,000 threshold. Although the jurisdiction of the federal courts is strictly construed, it is clear from the complaint that, with attorney's fees, treble damages, and punitive damages, Michels asks for far more than $72,067. Geico has established by a preponderance of the evidence that the amount in controversy exceeds $75,000.

Geico further argues that Michels seeks injunctive relief that greatly exceeds $75,000. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (citing *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). As Geico notes, the value of all of its insurance business in Washington is higher than $75,000.

**B.  CR 101**

Next, Michels argues that even if the required amount in controversy is met, the Court should remand, arguing that Geico did not comply with CR 101—a procedural requirement. Geico argues that it did comply with CR 101 and that even if it did not, remand for a procedural defect is time barred and CR 101 does not apply to this case. CR 101(a) provides:

---

[1] REV. WASH. CODE 48.30.015(1).
[2] REV. WASH. CODE 19.86.090.

> If a complaint filed in state court does not set forth the dollar amount prayed for, a removal petition shall nevertheless be governed by the time limitation of 28 U.S.C. § 1446(b) if a reasonable person, reading the complaint of the plaintiff, would conclude that the plaintiff was seeking damages in an amount greater than the minimum jurisdictional amount of this court. The notice of removal shall in that event set forth the reasons which cause petitioner to have a good faith belief that the plaintiff is seeking damages in excess of the jurisdiction amount of this court notwithstanding the fact that the prayer of the complaint does not specify the dollar damages being sought.

Assuming without deciding that CR 101 applies and that remand is not time barred, the Court concludes that Geico complied with CR 101. Geico set forth the reasons in its notice of removal that caused it to have a good faith belief that the amount in controversy exceeded $75,000—specifically, that Michels was only $2,993 shy of the requisite amount; she requested attorney's fees, treble damages, and punitive damages in addition to actual damages; and Geico's future operations in Washington exceed the requisite amount.

**C.  Return of Service**

Finally, Michels argues that Geico's failure to attach and file the Return of Service justifies remand. Geico again argues that the claim is untimely and that a technical defect does not deprive the court of jurisdiction.

Under 18 U.S.C. § 1447(c), motions for remand based upon any defect other than subject matter jurisdiction must be made within thirty days of the filing of the notice of removal. Although some circuits have held that failure to attach the required documents is a jurisdictional defect, the majority view holds that "mere modal or procedural defects in removal are not jurisdictional." *Yellow Transp., Inc. v. Apex Digital, Inc.*, 406 F. Supp. 2d 1213, 1215 (D. Kan. 2005) (internal quotations omitted). District courts in this circuit have followed the majority view. *See Ackerberg v. Citicorp USA, Inc.*, – F. Supp. 2d –, No. 12-CV-3484, 2012 WL 3642741 (N.D. Cal. Aug. 23, 2012) ("[D]efendants' failure to provide [the proper

documentation] was a technical defect that does not strip this Court of jurisdiction."); *Hood Custom Homes, LLC v. Illinois Nat. Ins.Co.*, No. 08-CV-1506-JE, 2009 WL 1531784 *6 (D. Or. May 26, 2009) ("[D]efendant's procedural error was 'trivial' and in no way prejudiced plaintiff or interfered with the court's ability to effectively adjudicate the parties' dispute."). This Court agrees with the majority view.

When Geico removed the case to federal court, it attached the Summons, Complaint, the exhibits, and the Jury Demand. Geico's failure to attach the "Return of Service" is a trivial error and does not deprive this court of jurisdiction.

### III.   CONCLUSION

Michels's Motion for Remand [Dkt. #9] is DENIED.

IT IS SO ORDERED.

Dated this 19th day of November, 2012.

_____
Ronald B. Leighton
United States District Judge